Case 1:24-mj-00111-MAU Document

Case: 1:24-mj-00111
Assigned To : Judge Moxila A. Upadhyaya
Assign. Date : 3/25/2024
Description: COMPLAINT W/ARREST WARRANT

STATEMENT OF FACTS

Your affiant is a Lieutenant with the United States Park Police, a federal law enforcement agency that has jurisdiction to enforce federal laws governing the use of federal property located in the District of Columbia. I have been employed with the United States Park Police for 14 years.

On March 22, 2024, beginning at 9 a.m., your affiant was present for the trial of Daniel Kingery ("Mr. Kingery" or "defendant"), who was scheduled to be tried on three federal citations that were issued to him on February 15, 2023, while he was in the McPherson Square Park in the District of Columbia. The proceeding was held before the Honorable Moxila A. Upadhyaya, Magistrate Judge of the United States District Court for the District of Columbia. The proceeding was a hybrid proceeding, in that Judge Upadhyaya was present in her courtroom, in the U.S. District Courthouse, 333 Constitution Avenue, NW, Washington, D.C., while I and an Assistant U.S. Attorney were appearing on Zoom, with video capability, and Mr. Kingery was appearing via telephone, without being on camera.

This statement of facts is provided in support of a complaint against Mr. Kingery for Contempt of Court, in violation of 18 United States Code, Section 401(1), because of his misbehavior that obstructed the administration of justice before Judge Upadhyaya. The defendant was appearing for trial on the following federal citations: Citation E1905101, charging violation of closures and public use limits, in violation of 36 C.F.R., Section 1.5(f); Citation E1905102, charging threatening, resisting, intimidating, interfering with agency functions, in violation of 36 C.F.R., Section 2.32(A)(1); and Citation E1905103, charging disobeying a lawful order of a government employee, in violation of 36 C.F.R., Section 2.32(A)(2).

The following description of the events is based upon my best recollection of what occurred, as I was present throughout the proceedings on Zoom. At the beginning of the proceedings involving Mr. Kingery, Judge Upadhyaya repeatedly asked Mr. Kingery whether he would consent to proceeding with his trial in the manner described above since he was on the telephone. She also offered him the opportunity to come into the courthouse. Mr. Kingery repeatedly failed to answer the question, but instead posed questions of his own and repeatedly asserted that the proceedings were violating his right under the U.S. Constitution to a jury trial. Judge Upadhyaya informed Mr. Kingery of his rights, which I understand are outlined in Rule 58 of the Federal Rules of Criminal Procedure.

Judge Upadhyaya also explained to Mr. Kingery that he was not entitled to a jury trial under the U.S. Constitution because the citations were petty offenses and he would not be facing any imprisonment, even if he was convicted of one or more of the petty offenses. Nevertheless, Mr. Kingery insisted that he wanted a jury trial, and failure to give him one would violate his Constitutional rights. Eventually, the defendant told the Court that he would not participate in a proceeding that violated his Constitutional rights, and he hung up his telephone – thus ending his participation even though Judge Upadhyaya was still conducting the proceedings.

When Judge Upadhyaya determined that the defendant had left the proceedings without her permission, she asked the prosecutor how he wished to proceed. The prosecutor requested that the Court issue a bench warrant for Mr. Kingery. The Court took a break to consider the request. When Judge Upadhyaya returned, she inquired whether Mr. Kingery had dialed back into the proceedings. After determining that he had not, Judge Upadhyaya made a finding that the defendant was in contempt of court and then agreed to issue a bench warrant. The proceedings were then concluded.

Your affiant submits there is probable cause to believe that DANIEL KINGERY violated 18 U.S.C., Section 401(1), which makes it an offense to show contempt of the Court's authority by misbehavior that obstructs the administration of justice. In addition, a warrant should issue to force the defendant's appearance for trial on the citation matters.

_____
Lt. Matthew Cooney
United States Park Police

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 25 day of March, 2024.

_____
HON. MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE